[Civ. No. 3967.    First Appellate District, Division Two.—October 10, 1921.]

## GLOBE INDEMNITY COMPANY (a Corporation), et al., Respondents, v. H. B. HENDERSON, Appellant.

[1] NEGLIGENCE—ACTION BY INSURANCE CARRIER FOR DAMAGES—PLEADING—EVIDENCE—FINDINGS—JUDGMENT.—In an action by an insurance carrier against a third person for injuries alleged to have been occasioned by the latter to an employee of the insured, evidence that since the accident the injured employee had received compensation from the plaintiff amounting to a specified sum, exclusive of his doctor and hospital expenses, and that a named doctor treated such employee, acting upon the request of plaintiff, standing alone, is not sufficient to support allegations that plaintiff was the insurance carrier of the employer of the injured employee, that after the accident it furnished such employee with hospital and medical expenses and had been and was paying him workmen's compensation; and a judgment in favor of the insurance carrier is not supported by such evidence.

[2] ID.—CONTRIBUTORY NEGLIGENCE—CAUSE OF INJURIES—CONFLICTING TESTIMONY—FINDINGS—APPEAL.—In an action against an independent contractor for damages for injuries alleged to have been caused to an employee of the general contractor on a building, due to the negligence of the defendant in the manner of anchoring a gin pole used in hoisting heavy rafters or trusses, findings that the injured employee was not guilty of contributory negligence and that his injuries were the result of the falling of the gin pole erected and used by defendant, if based upon conflicting testimony, are binding upon the appellate court.

[3] ID.—WEIGHT OF TRUSSES—DIMENSIONS—JUDICIAL NOTICE.—Where the record on appeal shows that the rafters or trusses being raised by the defendant were made out of pine wood and after each one had been constructed it was about sixty feet long from tip to tip, about twelve feet high, and, when the planks had been nailed together, the dimensions of a cross-section were eight by ten inches, the appellate court will take judicial notice that each of such trusses was a very heavy load.

[4] ID.—GIN POLE AS DANGEROUS INSTRUMENTALITY—CARE REQUIRED—EVIDENCE—FINDING.—To stand a gin pole of great weight, thirty-seven feet six inches long, perpendicularly is to maintain a very dangerous instrumentality; and when the danger is great the care required is great; and in this action the trial court was justified in finding that the gin pole erected by defendant was negligently and carelessly secured.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

L. Gonsalves for Appellant.

Earl Warren and Hadsell, Sweet & Ingalls for Respondents.

STURTEVANT, J.—The plaintiffs recovered a judgment against the defendant in the sum of two thousand five hundred dollars for damages and the defendant has appealed, bringing up the judgment-roll and a bill of exceptions.

Morris & Muller, as general contractors, were engaged in erecting a brick garage on the southeast corner of Broadway and Twenty-fourth Streets, in Oakland. George L. Masow, one of the plaintiffs, was working for the contractors as a carpenter, and at the time of the accident hereinafter mentioned was standing on some planking which rested on the rafters. The defendant, H. B. Henderson, as an independent contractor, was engaged in hoisting the rafters into place. The rafters, more properly called trusses, were made of wood and after each one had been constructed it was about sixty feet long from tip to tip, about twelve feet high, and, when the planks had been nailed together, the dimensions of a cross-section were eight by ten inches. The weight of one of these trusses was such that the defendant was using a gin pole thirty-seven feet six inches high, supported by four guy lines. While one of the trusses was being raised into place one of the guy lines tore loose, the gin pole toppled over, and the plaintiff Masow was injured, and for the injuries so received he brought this suit to recover damages.

[1] In their complaint the plaintiffs aver that the Globe Indemnity Company is a New York corporation doing business in California, and as such was the insurance carrier of Morris & Muller; that after the accident the Globe Indemnity Company furnished Masow with hospital and medical expenses and has been and now is paying him workmen's compensation. The court found all of said alle-

gations to be true. The appellant in his brief attacks each of those findings as not being supported by the evidence. In reply to appellant's contention the respondent states that the evidence shows that since the accident the plaintiff has received compensation from the Globe Indemnity Company amounting to about eleven hundred dollars, exclusive of his doctor and hospital expenses, and that Dr. Shade treated Masow, acting upon the request of the Globe Indemnity Company. Such testimony, standing alone, is not sufficient to support the allegations regarding the Globe Indemnity Company and the judgment in favor of that company is not supported by the evidence.

[2] The appellant claims that the plaintiff Masow was guilty of contributory negligence. This claim rests upon the assertion that a short time before the accident Masow saw the gin pole swerving, and, from that fact, he should have assumed that the pole was not properly anchored. In another place in the testimony Masow testified: "I did not observe anything in connection with the erection of the boom until it came across the trusses. Up to that time I did not know that anything was wrong with the manner in which the boom was erected, or the manner in which the boom was being held." In view of this testimony it is patent that the most that can be said is that the evidence on the subject of contributory negligence was conflicting. However, this court is bound by the finding of the trial court in the face of conflicting testimony.

It is further claimed by the appellant that it was not shown by the plaintiffs that the injury to Masow was the result of the falling of the gin pole. In this behalf the defendant asserts that when the gin pole fell it did not strike the plank on which the plaintiff Masow was standing. There is some evidence supporting that reasoning. Be that as it may, another witness testified: "I believe plaintiff Masow was standing on the second purline . . . after Mr. Masow had fallen the gin pole was resting on the second purline." The situation, therefore, is another instance of conflicting testimony, and the conflict was for the trial court and not for this court.

The defendant makes the further claim that under the facts pleaded and proved he was not negligent. In this behalf he takes the position that it was his duty to exercise

ordinary care (Civ. Code, sec. 1714), and that he did so.
[3] The record does not show the weight of the gin pole,
neither does it show the weight of the trusses which it was
engaged to lift up into place, but we have set forth, above,
the dimensions of the trusses and we may add that the
same were constructed out of pine timber, and this court
will take judicial notice that each one of the trusses was
a very heavy load. To raise such a weight required a
very strong gin pole and therefore a gin pole of great
weight. [4] To stand a pole of great weight, thirty-seven
feet six inches long, perpendicularly is to maintain a very
dangerous instrumentality. When the danger is great the
care should be great. (*Foley* v. *Northern California Power
Co.,* 14 Cal. App. 401, 407 [112 Pac. 467]; *Spear* v. *United
Railroads,* 16 Cal. App. 637, 663 [117 Pac. 956].)   Now,
the evidence shows that the defendant had anchored his
gin pole by four guy lines. That one end of each guy line
was fastened to the top of the pole and that the other end
of line 3 and the other end of line 4 were fastened to
pegs driven into the foundation soil. Exhibit "A" is a
diagram. The diagram shows that the guy lines were not
fastened at right angles such as north, south, east, and
west, but that lines 1 and 2 were fastened on Webster
Street, line 4 was fastened on the opposite side of the
building lot, and line 3 was fastened in Twenty-fourth
Street, but in such a location that the straining strength
was practically the same as though it were on the same
side of the building as line 4. It is clear that with lines
so fastened the tendency of the pole to lean toward Twenty-
fourth Street, or from Twenty-fourth Street, was not suffi-
ciently guarded against. Again, it does not require the
ability of an engineer to note that if the top of the gin
pole were allowed to swerve in any direction the result
would be that there would be a strain on the opposite guy
line approximately equal to the weight of the truss. If
one anchorage was not entirely sufficient the same guy
line should have been anchored two or three times, and
if such fastening was not sufficient, additional guy lines
should have been attached to guard completely against any
leaning of the gin pole. The trial court made a finding
that the gin pole was negligently and carelessly secured,

54 Cal. App.—33

and in view of the foregoing facts we are not at all inclined to question the soundness of that finding.

The judgment in favor of George L. Masow is affirmed, and the judgment in favor of the Globe Indemnity Company is reversed, with directions for the trial court to retry the issues contained in findings 1, 2, and 8, and thereafter to render such judgment for or against the Globe Indemnity Company as may be supported by the law and facts.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 8, 1921, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing in this court is denied.

We deem it proper to say, however, that upon the retrial, if judgment is given in favor of the plaintiff Globe Indemnity Company, it must not exceed the amount already adjudged to plaintiff Masow, with interest, less any payments made thereon in the meantime, nor be in excess of the amount said company has paid, or has become obliged to pay, for the benefit of Masow, as insurance carrier for Morris & Muller, and the judgment should also provide that any payment made by defendant to either of the plaintiffs shall be credited on both judgments.

Shaw, C. J., Lennon, J., Waste, J., Wilbur, J., Richards, J., *pro tem.*, Sloane, J., and Shurtleff, J., concurred.